DIANA GLACKIN'S ADMR. ET AL. *v.* ANDREW GLACKIN

[Abstract Kentucky Law Reporter, Vol. 4—54.]

**Election of Defense.**

A defendant having two defenses not inconsistent with each other can not be required by the court to elect upon which of them he will go to trial. He should have the benefit of both.

APPEAL FROM BOONE CIRCUIT COURT.

June 8, 1882.

OPINION BY JUDGE PRYOR:

The testimony in this case conduces to establish a gift of the notes and money in controversy to the appellants, and the effect of such proof was to sustain, to some extent at least, the statements of the original defense made by the appellants, viz.: That there was a marriage contract between the appellee and his wife. Whether or not the proof was sufficient is not necessary to be determined, as the case must be remanded with leave for additional testimony in support of the gift by the appellee to the children or the contract between the husband and the wife. The two defenses are not inconsistent and the motion requiring the parties to elect should have been overruled. Nor are we disposed to determine in the present state of the pleadings and proof that the evidence warranted a judgment for the appellee upon the subject of gift. The appellee is a man advanced in years, but still, as the proof shows, capable of transacting his business and of comprehending the nature and effect of all his acts; still, in view of the condition of the appellee at this time, considering his advanced age and the fact of his having a short time before lost his wife, it would be more satisfactory to the chancellor to require or permit the appellee to inquire of Conners who had been invited by him to his home on the day this alleged gift was made as to what transpired at the time.

The court below erred in requiring the appellants to make the election as to their defense. The entire case is left open with leave, if either party desires, upon proper motion to take proof as to the marriage contract and the gift. The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Wm. Lindsay, Norman & Stephens,* for appellants.
*O'Hara & Bryan,* for appellee.